IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| K.L. o/b/o J.A.E.C., a minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19-cv-2407 |
| v. | ) | |
| | ) | Magistrate Judge |
| ANDREW M. SAUL, Commissioner of | ) | Susan E. Cox |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff K.L. ("Plaintiff") on behalf of her minor child J.A.E.C. ("Claimant") appeals the

decision of the Commissioner of Social Security ("Commissioner") finding Claimant no longer

disabled due to medical improvement. For the following reasons, Plaintiff's motion is granted

(Dkt. 18),[1] the Commissioner's motion is denied (Dkt. 26), and the case is remanded for further

proceedings consistent with this Opinion.

## I.     Background

On February 18, 2004, Claimant was found to be disabled as of May 1, 2003, because he

met Listing 112.05(B) for intellectual disability. In the parlance of continuing disability cases, this

determination is known as the Comparison Point Decision ("CPD"). As is often the case, the Social

Security Administration performed a Continuing Disability Review ("CDR") to determine whether

Claimant – who was two-years-old at the time of the CPD and 13-years-old as of the CDR – was

still disabled. (R. 25.) It was determined that Claimant was no longer disabled as of August 1,

2015, and that decision was upheld on reconsideration after a hearing before a Disability Hearing

---

[1]     Plaintiff filed a Memorandum in Support of Remand (Dkt. 18) and Defendant filed a Response and Memorandum
in Support of Cross-Motion for Summary Judgment (Dkt. 26); the Court construes each as a Motion for Summary
Judgment.

Officer. (*Id.*) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 18, 2018. (*Id.*) On May 16, 2018, the ALJ issued an opinion finding that Claimant was not disabled. (R. 25-42.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (R. 1.) Plaintiff appealed the ALJ's decision to this Court on April 9, 2019. (Dkt. 1.)

In her written opinion, the ALJ made the following findings:

1.      The most recent favorable medical decision finding Claimant disabled (*i.e.,* the CPD) was the determination dated February 18, 2004;

2.      At the time of the CPD, Claimant had the medically determinable impairment of intellectual disorder, which was found to meet Listing 112.05B;

3.      Medical improvement occurred as of August 1, 2015;

4.      Since August 1, 2015, the impairment Claimant had at the time of the CPD (*i.e.,* intellectual disability) had not met or medically equaled Listing 112.05B as that listing was written at the time of the CPD;

5.      Claimant was born on September 26, 2001, and was an adolescent on August 1, 2015, and on the date of the ALJ's decision;

6.      Since August 1, 2015, the impairment that the Claimant had at the time of the CPD had not functionally equaled the Listings of Impairments;

7.      Since August 1, 2015, Claimant had the severe impairment of intellectual disorder;

8.      Since August 1, 2015, Claimant had not had an impairment or combination of impairments that meets or medically equals one of the Listings;

9.      Since August 1, 2015, Claimant had not had an impairment or combination of impairments that functionally equals the Listings; and

10.     The Claimant's disability ended as of August 1, 2015, and the Claimant has not become disabled again since that date. (R. 42.)

Notably, the Commissioner admits that the February 2004 decision that forms the CPD is not included in the administrative record anywhere. (Dkt. 26, p. 1, n.1.) It is unclear whether the ALJ ever reviewed that decision at all.

## II.     Social Security Regulations and Standard of Review

In CDR cases, ALJs are required to follow a sequential three-step test to assess whether a claimant is disabled. Those three steps require a determination as to: (1) whether medical improvement has occurred; (2) whether the claimant's impairment meets or medically equals the same listing that it met or equaled at the time of the comparison point decision; and (3) whether the claimant is currently disabled under the rules. 20 C.F.R. § 416.994a. At step one, the ALJ is determining "whether there has been medical improvement in the impairment(s) you had at the time of our most recent favorable determination or decision." 20 C.F.R. § 416.994a(b)(1). The regulations define "medical improvement" as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable decision that you were disabled or continued to be disabled." 20 C.F.R. § 416.994a(c). In order to find that medical improvement has occurred, the decision "must be based on changes (improvement) in the symptoms, signs, or laboratory findings associated with your impairment(s)." *Id.* "For children, our definitions of the terms symptoms, signs, and laboratory findings may include any abnormalities of physical and mental functioning that we used in making our most recent favorable decision." 20 C.F.R. § 416.994(c)(1).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004).

Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Scheck*, 357 F.3d at 699. On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

## III.  Discussion

The Court cannot make a meaningful judicial review of the ALJs decision because the record does not include the CPD, and the Court is not certain the ALJ reviewed that decision at all. At least one other court in the Seventh Circuit has remanded on this basis. *See Whatley for M.W. v. Berryhill*, 2018 WL 3989468, at *4 (N.D. Ind. Aug. 20, 2018) ("Without knowing what impairments were present in the CPD, there is no way for ALJ [sic] to determine whether there has been medical improvement in those impairments, and there can be no meaningful judicial review of that determination.") In order to adequately perform the first step of the sequential process outlined above, the ALJ needs to review and analyze the CPD. Without that document and reasoning behind the decision, the ALJ cannot properly determine whether medical improvement

4

has occurred. Necessarily, in order to determine whether a claimant has medically improved, the ALJ would need the starting point against which the improvement is measured. It is impossible to know whether there has been a change in the signs, symptoms, and laboratory tests that form the basis of the CPD without knowing the baselines established in the CPD. Although there is some medical evidence from around the time of the CPD in the administrative record and this evidence may have formed the basis for the CPD, neither the Court nor the ALJ can accurately determine whether there is medical improvement without reference to the CPD itself.

It is not sufficient that the ALJ was aware Listing 112.05B formed the basis for the disability finding in the CPD, and found that Claimant did not meet or equal that Listing as of August 1, 2015. Again, the review of medical improvement at step one does not focus on whether the claimant's impairment meets or equals a Listing – those are questions for steps two and three – but whether there have been changes in the signs, symptoms, and laboratory tests. One cannot measure the existence of change without knowing the baseline that the supposed change is being measured against. Additionally, the sequential process is just that – sequential; the ALJ is not permitted to skip steps when making an unfavorable finding against a claimant. *See* 20 C.F.R. 416.994(b). Even if the Court believed the ALJ's decision in steps two and three were correct – an issue the Court does not reach here – that does not relieve the ALJ of performing the requisite analysis in the previous steps.[2]

Moreover, the regulations make clear that for children, such as Claimant in the instant suit, "the terms symptoms, signs, and laboratory findings may include any abnormalities of physical and mental functioning that we used in making our most recent favorable decision." 20 C.F.R. § 416.994(c)(1). As is stands, neither the Court nor the ALJ knows what abnormalities of physical

---

[2]    There is good reason for this rule. Perhaps the ALJ does not believe the claimant's symptoms met a Listing at the time of the CPD. However, if there was no change in those symptoms between the CPD and the CDR, the ALJ cannot find claimant is not disabled, as there would not be any documented medical improvement.

and mental functioning were used in making the CPD because the CPD is not in the record. Without the CPD in the record, the ALJ could not build an accurate bridge to support the conclusion that medical improvement occurred, and the Court cannot meaningful review that finding. As such, remand is required on that issue.[3]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion is granted (dkt. 18), the Commissioner's motion is denied (dkt. 26), and the case is remanded for further proceedings consistent with this opinion.

ENTERED: 5/13/2020

Susan E. Cox,
United States Magistrate Judge

---

[3]     Because the Court remands on the bases articulated above, it does not reach the other issues raised by the Plaintiff on this appeal.